UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **JOHNNY R. BROOKS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:11-cv-01252-SI |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Merrill Schneider, Schneider Caver Law Offices, P.O. Box 14490, Portland, OR 97239. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; David J. Burdett, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

OPINION AND ORDER, Page 1

**SIMON, District Judge.**

On October 3, 2012, this Court reversed the Commissioner's determination of Plaintiff's nondisability and remanded for the immediate payment of benefits pursuant to 42 U.S.C. § 405(g), sentence four. (Doc. 18.) Plaintiff now moves this Court for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20.) The Commissioner contests Plaintiff's motion, arguing that the Commissioner's position was substantially justified. (Doc. 24.)

## STANDARD

The EAJA authorizes the payment of attorney fees to a prevailing party in an action against the United States, unless the Government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney fees is within the discretion of the court. *Id.* at 567; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)).

If the Government fails to prevail in its position on the underlying issues, no presumption arises that the Government's position was unreasonable. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). The Court applies a reasonableness standard in determining whether the

Government's position was substantially justified. *Flores*, 49 F.3d at 570. "The Government bears the burden of proving its position was substantially justified." *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984). It must demonstrate that its position had a reasonable basis in both law and fact. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The reasonableness standard is met if the Government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998); *Lewis*, 281 F.3d at 1083. The Government must justify both the original agency action and its litigation position. *Kali*, 854 F.2d at 332.

If the Commissioner's position is not substantially justified, a court has discretion to determine whether the requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). The critical factor in this analysis is the "degree of success attained." *Id.* The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without explanation. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135–37 (9th Cir. 2012).

## DISCUSSION

Plaintiff seeks an attorney fee award in the amount of $5,603.99, which represents 30.5 hours of attorney time. (Docs. 20, 20-2.) Plaintiff seeks an additional award of $275.85 for the 1.5 hours of attorney time spent replying to the Commissioner's objection to his fee request. (Doc. 26, at 3.) The Commissioner argues that the Court should decline to award fees because his position was substantially justified, but he does not contest the reasonableness of the attorney hours expended or the hourly rate claimed. Def.'s EAJA Resp. at 2 n.1.

The Commissioner argues that his interpretation of the medical evidence was arguably reasonable, rendering it substantially justified. Def.'s EAJA Resp. at 3. In the Commissioner's

brief on the merits, the Commissioner argued that Plaintiff failed to meet his burden to demonstrate the early onset of defects in Plaintiff's adaptive functioning. (Doc. 16, at 6–7.) The Commissioner further argued that a diagnosis of mental retardation was a prerequisite of Listing 12.05C and that no deficits in adaptive function were noted in the scant medical records from the operative period. *Id.* The Court addressed and dismissed these arguments as follows in its Opinion and Order:

> The Commissioner argues that "a diagnosis of mental retardation is a prerequisite to meeting ... Listing 12.05, regardless of the ... IQ scores." Def.'s Resp. at 7. The introduction to the mental disorders section of the listings, however, belies this argument. To meet Listing 12.05C, the claimant must only "satisfy[ ] the diagnostic description in the introductory paragraph" in addition to the C criteria. 20 C.F.R. Pt. 404, Subpt. P, app. 1 § 12.00. Thus, by the plain language of the regulations, Mr. Brooks may meet the listing without a formal diagnosis of mental retardation. *See Pedro*, 849 F.Supp.2d at 1010 (citations omitted); *accord Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) (finding that a formal diagnosis of mental retardation is not required).
>
> \*\*\*
>
> The Commissioner argues that Dr. Armistead, who examined Mr. Brooks in 1987, and Dr. L'Herisson, who treated Mr. Brooks from 1986 through 1987, did not find any evidence of limited functioning. Def .'s Br. at 7–8. The Court notes that these observations occurred during Mr. Brooks' late twenties, not during his developmental period. Dr. Armistead noted that Mr. Brooks "appears to be of average intelligence," and Dr. L'Herisson noted he was "intellectually within normal limits." Tr. 571, 577. These observations are not supported by formal, or even informal, intelligence testing. They are, however, accompanied by observations concerning Mr. Brooks' activities of daily living and social functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, app. 1 § 15.00D(6)(e) (In the absence of formal testing, "the best indicator of severity is often ... how you perform activities of daily living and social functioning."). Contemporaneous with the doctors' observations about Mr. Brooks' intelligence, they also noted his lack of socialization, confused thought process, and lack of effort. *See, e.g.*, Tr. 571–73, 577. Thus, the notes of Drs. Armistead and L'Herisson do not contradict the other evidence offered by Mr. Brooks.
>
> \*\*\*

> The record contains ample circumstantial evidence demonstrating that Mr. Brooks had deficits in adaptive functioning before the age of 22. Most strikingly, Mr. Brooks' high school transcript indicates that he twice failed English and general science, and additionally failed reading, world geography, social studies, and general mathematics. Tr. 410. Moreover, Mr. Brooks testified that he was placed in special education classes for three years before high school, but, despite the additional assistance, he is only able to read and write "a little." Tr. 45. After leaving high school, Mr. Brooks twice unsuccessfully attempted to obtain his GED. Tr. 44.

(Doc. 18, at 9, 11–12, 14.)

The thrust of the Commissioner's fee argument is that his evaluation of the medical evidence supporting the Court's decision was nevertheless reasonable. *See* Def.'s EAJA Resp. at 3. The Commissioner's brief on the merits, however, relied entirely on two physicians' notes of Plaintiff's intelligence during the operative period. Def.'s Resp. at 7–8. Although this evidence is probative, it ignored contemporaneous observations of Plaintiff's limited functioning. (Doc. 18, at 11–12.) As discussed in the Court's earlier Opinion and Order, addressing the evidence in such a manner violates the regulations. *See* 20 C.F.R. Pt. 404, Subpt. P, app. 1 § 15.00D(6)(e) (In the absence of formal testing, "the best indicator of severity is often ... how you perform activities of daily living and social functioning."). As such, neither the ALJ's decision nor the Commissioner's defense of that decision was substantially justified.

The Commissioner also argues that the Court's citation to comments made in the Federal Register regarding Listing 12.05 make "it clear that it is the Commissioner who is to infer when the impairment begins." Def.'s EAJA Resp. at 3 (citing *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed.Reg. 50746–01, 50753 (Aug. 21, 2000)). This argument is unavailing because the Commissioner's exercise of judgment must be supported by substantial evidence. *See, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) ("We must give the facts a full review and must independently determine whether the Commissioner's findings are supported by substantial evidence."). Moreover, the comments in

OPINION AND ORDER, Page 5

the Federal Register make it clear that evidence from the developmental period is not required, directly contradicting the ALJ's reason for rejecting the application of Listing 12.05C. (Doc. 18, at 11.) As discussed in the Opinion and Order, there was substantial circumstantial evidence of Plaintiff's limited functioning. (Doc. 18, at 13–15.) As such, the ALJ's rejection of Listing 12.05C and the Commissioner's defense was not substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008).

In total, Plaintiff seeks an attorney fee award in the amount of $5,879.84, which represents 1.5 hours of attorney time at $180.59 per hour and 30.5 hours of attorney time at $183.90 per hour. (Docs. 20, 20-2; 26, at 3.) The Commissioner does not contest the amount of Plaintiff's fee petition, and the Court finds that it is reasonable.

In sum, Plaintiff's fee application is GRANTED. (Doc. 20.) Plaintiff is awarded $5,879.84 for attorney fees pursuant to 28 U.S.C. § 2412(d). EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521 (2010). Plaintiff has filed a signed assignment requesting that the attorney fees awarded be paid directly to his counsel; the Commissioner shall honor the assignment. (Doc. 21.)

DATED this 25th day of February, 2013.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge